UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| CHRISTOPHER E. BROWN, an individual, | : : : |
| Plaintiff, | : **JURY TRIAL NOT DEMANDED** : |
| vs. | : : **Index No.: 1:21-cv-4781** |
| P.C. RICHARD & SON, LLC, *a New York Limited Liability Company*, | : : Judge : |
| Defendant. | : |

-------------------------------------------------------------x

## COMPLAINT

Plaintiff, CHRISTOPHER E. BROWN (hereinafter "Mr. Brown"), through his undersigned counsel, hereby files this Complaint and sues Defendant P.C. RICHARD & SON, LLC, a New York Limited Liability Company, for damages, declaratory and injunctive relief, attorney's fees and costs pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 et seq., (the "ADA"), the New York State Human Rights Law, N.Y. Exec. § 296(2)(a) (the "NYSHRL"), and the New York Civil Rights Law, N.Y. Civ. Rights § 40 et seq., (the "NYCRL") and hereby alleges:

### JURISDICTION AND PARTIES

1. This is an action for damages, declaratory and injunctive relief pursuant to the ADA, the NYSHRL and the NYCRL. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and has pendant and supplemental jurisdiction over the state law claims that are alleged pursuant to 42 U.S.C. § 1367, et seq.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Mr. Brown is a resident of the State of New York.

4. Mr. Brown suffers from Arthrogryposis, which causes him to be confined to a wheelchair. The condition also causes atrophy in his arms, hands, shoulders and elbows, which makes it extremely difficult to reach for, grip and manipulate objects.

5. Importantly, Plaintiff's disability has caused a severe stunting of his arms which prevents him from independently putting on or removing a face covering/mask. He also has severely limited range of motion and dexterity in his hands and arms. Further, these conditions are open and obvious.

6. Furthermore, due to his disability, Plaintiff is substantially impaired in several major life activities including grasping, walking and standing and requires a wheelchair for mobility.

7. Upon information and belief, Defendant, P.C. RICHARD & SON, LLC., (hereinafter referred to as "DEFENDANT") is a New York Limited Liability Company. Upon information and belief, Defendant is the operator of P.C. Richard & Son located at 2372 Broadway, New York, NY 10024. Defendant is subject to compliance with the ADA and corresponding New York State law.

8. All events giving rise to this lawsuit occurred in the Southern District of New York.

<u>**COUNT I - VIOLATION OF TITLE III OF THE
AMERICANS WITH DISABILITIES ACT**</u>

9. The allegations set forth in the foregoing paragraphs are incorporated by reference as if fully set forth herein.

10. The Property, an electronics retail store owned and operated by Defendant, is a place of public accommodation and is subject to the ADA.

11. Mr. Brown has visited and/or attempted to visit the Property owned/operated by Defendant numerous times over the past two years and regularly frequents the area where the Defendant's Property is located. More specifically, Mr. Brown last attempted to visit the PC Richards store located at 2372 Broadway on May 10, 2021. However, during the attempted visit, Mr. Brown was accosted by an employee/guard who demanded that he put on a mask. Mr. Brown then explained that he was unable to put on a mask independently due to his disability, however he would wear one if the employee assisted him to put it on and take it off. The employee then followed Mr. Brown throughout the store while he was attempting to browse the television section. The employee/guard refused to assist Plaintiff and continued to demand that he leave the store. After a short argument about his disability, the store's discriminatory policy and the NY State mask requirement exceptions, Plaintiff was severely embarrassed and decided to leave the store in complete frustration.

12. This incident subjected Mr. Brown to extreme embarrassment and humiliation as he is physically unable to put on and take off a mask independently due to his disability and because the incident took place in open view of many other customers inside the store. In short, Mr. Brown was treated as a criminal due to his disability and suffered extreme embarrassment and humiliation as a result.

13. Per 42 U.S.C. § 12182(b)(2)(A)(i), the ADA prohibits the imposition of "eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or

accommodations being offered." The Defendant's policy of barring all persons from the store without regard to a person's disability constitutes illegal criteria which screens out disabled persons such as Mr. Brown.

14. Additionally, per 42 U.S.C. § 12182(b)(2)(A)(ii), the Defendant was required but failed "to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations". As an alternative to wearing a mask, Plaintiff offered to social distance and make his visit as brief as possible as specifically suggested by the New York State Health Department, but Defendant refused. Plaintiff also requested assistance in putting on his mask but store employees also refused this request during his visit.

15. Furthermore, due to the COVID-19 pandemic, the Governor of the State of New York mandated that individuals wear masks when in public places and authorized private business owners to "deny admittance to individuals who fail to comply…". See New York Executive Order No. 202.34 (May 28, 2020).[1] However, the Order also notes that it "shall be applied in a manner consistent with the Americans with Disabilities Act or any provision of either New York State or New York City Human Rights Law, or any other provision of law." Id. Additionally, the New York City Department of Health Covid-19 Face Coverings: Frequently Asked Questions, notes that: "If you have a health problem that makes you unable to tolerate a

---

[1] Masks originally mandated effective April 17, 2020 per Executive Order No. 202.17.

face covering, you do not need to wear one. This makes practicing physical distancing and hand hygiene even more essential." [2]

16. However, Defendant's mask policy had and continues to have the effect of screening out anyone with a disability, including Mr. Brown, who is unable to put on and take off a face covering/mask independently. Additionally, Defendant's policy fails to recognize exceptions, which are explicitly provided in the New York State masking rules, for persons with disabilities such as Mr. Brown whom are medically unable to use a facial covering.

17. Consequently, Mr. Brown was prevented from accessing the goods and utilizing the services therein due to his disability.

18. Furthermore, Defendant's mask policy and enforcement of its masking rules have the effect of screening out and discriminating against persons with disabilities who are unable to tolerate a mask, such as Mr. Brown solely due to his disability. Defendant's employees also refused to provide Mr. Brown with a reasonable accommodation or alternative method to shop or browse the store.

19. Due to Defendant's illegal policies and improper interpretation of the New York State masking rules, Mr. Brown was denied and continues to be denied the full and equal enjoyment of the goods and services offered at the Property.

20. Mr. Brown intends to and will visit the Property to attempt to utilize the goods and services in the near future once they accommodate him, but fears that he will face the same barriers to access, discrimination and embarrassment as discussed herein. Furthermore, but for the discriminatory barriers to access at the Property, Plaintiff would visit more often.

---

[2] https://www1.nyc.gov/assets/doh/downloads/pdf/imm/covid-19-face-covering-faq.pdf

21. Defendant is in violation of 42 U.S.C. § 12181 et seq. and 42 U.S.C. § 12182 et seq. and is discriminating against the Plaintiff due to, but not limited to, its failure to implement its facial covering policies in a way which does not discriminate against persons with disabilities such as Mr. Brown as referenced below, which were personally encountered by Plaintiff and which limited/denied his access to the Property:

    A. The Defendant's overbroad mask policy had/has the effect of screening out anyone with a disability, including Mr. Brown, who is unable to put on and take off a face covering/mask independently due to his severely stunted arms and very limited range of motion in his hands and arms.

    B. The Defendant was required to accommodate Mr. Brown but failed "to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations".  As an alternative to wearing a mask, Plaintiff offered to social distance and make his visit as brief as possible as specifically suggested by the New York State Health Department but Defendant refused.  Plaintiff also requested assistance in putting on his mask but store employees refused his request during his visits.

22. To date, the barriers and policy violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

23. Removal of the policy barriers located at the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

24. Removal of the policy barriers located at the Property would allow Plaintiff to fully utilize the goods and services located therein.

25. Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return as an ADA tester to determine whether the illegal policy barriers stated herein have been remedied.

26. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

**COUNT II - VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW**

27. Plaintiff hereby incorporates by reference all allegations contained in all preceding paragraphs of this Complaint as if they were expressly set forth herein.

28. Defendant operates a business establishment dealing with goods and/or services within the jurisdiction of the State of New York and, as such, is obligated to comply with the provisions of the NYSHRL, N.Y. Exec. Law section 290 et seq.

29. The conduct alleged herein violates the ADA.

30. The conduct alleged herein violates the NYSHRL.

31. The NYSHRL states that "[i]t shall be an unlawful discriminatory practice for any . . . owner . . . of any place of public accommodation, . . .because of the . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the

accommodations, advantages, facilities or privileges thereof[.]" N.Y. Exec. Law section 296(2)(a).

32.	The Defendant has violated the NYSHRL by, *inter alia*, denying Plaintiff the accommodations, advantages, facilities or privileges offered by Defendant, and by refusing to make reasonable modifications to accommodate disabled persons.

33.	In doing the acts and/or omission alleged herein, Defendant has wrongfully and unlawfully denied access to its facilities to individuals with disabilities.

34.	The Defendant has further violated the NYSHRL by being in violation of the rights provided under the ADA.

35.	Plaintiff visited Defendant's Property numerous times and encountered policy barriers as described herein.

36.	By maintaining policies that discriminate against people with disabilities through the actions described above, Defendant has, directly or indirectly, refused, withheld, and/or denied to Plaintiff, because of his disability, the accommodations, advantages, facilities or privileges thereof provided by Defendant.  Failure on the part of Defendant, as a reasonable and prudent public accommodation, in acting or failing to act to identify and policy barriers can be construed as a "negligent per se" act of Defendant.

37.	Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

38.	Plaintiff prays for judgment pursuant to N.Y. Exec. Law § 297, including compensatory damages contemplated by § 297(9).

### COUNT III - VIOLATION OF NEW YORK CIVIL RIGHTS LAW

39. Plaintiff hereby incorporates by reference all allegations contained in all preceding paragraphs of this Complaint as if they were expressly set forth herein.

40. As owner and/or operator of a place of public accommodation within the jurisdiction of the State of New York, Defendant is obligated to comply with the provisions of the NYCRL, N.Y. Civ. Rights § 40 et seq.

41. The conduct alleged herein violates the NYCRL.

42. Plaintiff has complied with the notice requirements of § 40-d as notice of this action was served upon the attorney general prior to initiating suit.

43. Section 40-c of the NYCRL states that "[n]o person shall, because of . . . disability . . . be subjected to any discrimination in his or her civil rights . . . by any firm, corporation or institution[.]"

44. The Defendant has violated the NYCRL section 40-c, by *inter alia*, subjecting Plaintiff as a person with a disability, to discrimination of his civil rights.

45. The Defendant has further violated the NYCRL by being in violation of the rights provided under the ADA.

46. This has resulted in a cognizable injury to Plaintiff.

47. Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

48. Plaintiff prays for judgment pursuant to NYCRL § 40-d, including minimum statutory damages, and all other relief allowed by law.

**WHEREFORE**, the Plaintiff demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned, leased and/or operated by DEFENDANT is in violation of the ADA;

B. That the Court enter an Order directing DEFENDANT to alter its Property to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing DEFENDANT to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures.

D. That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff;

E. That the Court award damages to Plaintiff pursuant to his state law claims; and

F. That the Court awards such other and further relief as it deems necessary, just and proper.

Dated: May 28, 2021                               Respectfully Submitted,


By: */s/ Louis I. Mussman*
Louis I. Mussman (5536685)
Ku & Mussman, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, FL 33029
T: (305) 891-1322
F: (954) 686-3976

*Attorneys for Plaintiff*